

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

April 29, 2005

Mr. Paul Mallett
Executive Director, Commission on State
    Emergency Communications
333 Guadalupe Street, Suite 2-212
Austin, Texas 78701-3942

Opinion No. GA-0318

Re: Whether certain members of the Commission on State Emergency Communications are entitled to receive compensatory per diem (RQ-0288-GA)

Dear Mr. Mallett:

You ask whether certain members of the Commission on State Emergency Communications are entitled to receive compensatory per diem.[1]

The Commission on State Emergency Communications (the "Commission") is created under subchapter B of chapter 771 of the Health and Safety Code. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 771.031-.039 (Vernon 2003). The Commission is "composed of nine appointed members and three ex officio members." *Id.* § 771.031(a). The executive director of the Public Utility Commission, the executive director of the General Services Commission, and the Commissioner of Public Health, or their designees, serve as nonvoting ex officio members. *See id.* § 771.031(b).[2] The lieutenant governor and the speaker of the house of representatives each appoints two members to serve as representatives of the general public. *See id.* § 771.031(c). The governor appoints five members, as follows:

> (1) one member who serves on the governing body of a regional planning commission;
>
> (2) one member who serves as a director or is on the governing body of an emergency communication district;
>
> (3) one member who serves on the governing body of a county;

---

[1]*See* Letter from Paul Mallett, Executive Director, Commission on State Emergency Communications, to Honorable Greg Abbott, Texas Attorney General (Oct. 27, 2004) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]The Texas General Services Commission has been renamed the Texas Building and Procurement Commission, and the Texas Department of Public Health has become a part of the Texas Department of State Health Services.

(4)  one member who serves on the governing body of a home-rule municipality that operates a 9-1-1 system that is independent of the state's system; and

(5)  one member as a representative of the general public.

*Id.* § 771.031(d).

Section 771.034 of the Health and Safety Code provides that "[t]he expenses of a member of the commission shall be paid as provided by the General Appropriations Act." *Id.* § 771.034. You acknowledge that "the ex officio members, who serve by reason of their state office, are not entitled to compensatory per diem." Request Letter, *supra* note 1, at 1. You also note that section 574.005 of the Government Code prohibits local elected and appointed members of the Commission from receiving compensatory per diem. *See id.*[3] You ask whether the remaining members of the Commission – the public representative appointed by the governor and the four public members appointed, respectively, by the lieutenant governor and the speaker of the house – are entitled to receive compensatory per diem. *See id.* at 2. We limit our answer accordingly.

Section 659.032 of the Government Code provides that "[a] member of a state board is entitled to a per diem in an amount set by the General Appropriations Act for the member's service on the board." TEX. GOV'T CODE ANN. § 659.032(a) (Vernon 2004). "State board" is defined for purposes of this provision as "a board, commission, committee, council, or similar agency in the executive or judicial branch of state government that is composed of two or more members. The term does not include a board, commission, committee, council, or similar agency whose membership is elected by vote of the people." *Id.* § 659.031. Because the Commission is a part of the executive branch, it is a "state board" whose members are entitled to receive per diem.

---

[3]Section 574.005 provides, in relevant part:

(a) In this section:

(1)  "Local government" means a county, a municipality, a special district or authority, or another political subdivision of this state.

(2)  "State agency" means a department, commission, board, office, council, authority, or other agency in the executive branch of state government that is created by the constitution or a statute of this state, including a university system or institution of higher education as defined by Section 61.003, Education Code.

(b) An individual who holds an elected or appointed local government office may be appointed to the governing body of a state agency if otherwise eligible. The individual may not receive compensation for serving on the governing body of the state agency but may be reimbursed as provided by other law for a reasonable and necessary expense incurred in the performance of an official function.

TEX. GOV'T CODE ANN. § 574.005(a)-(b) (Vernon 2004).

The 2003 General Appropriations Act describes three kinds of per diem. Only the first is relevant to your question. Article IX, section 4.04(a)(1) of the General Appropriations Act provides, in relevant part:

> (a)  As authorized by [section] 659.032, Government Code, the per diem of state board and commission members consists of:
>
> (1)  compensatory per diem, if specifically authorized by law, at $30 per day[.]

General Appropriations Act, 78th Leg., R.S., ch. 1330, art. IX, § 4.04(a)(1), 2003 Tex. Gen. Laws 5023, 5893-94. "Compensatory per diem" constitutes a fixed compensation at a daily rate, in contrast to reimbursement for expenses. *See* Tex. Att'y Gen. Op. No. JM-349 (1985) ("[t]he kind of flat rate compensatory per diem established by the Appropriations Act does not represent reimbursement for expenses but compensation for services"). Thus, under this provision, the five public members of the Commission are entitled to receive compensatory per diem at the rate of $30 per day *if specifically authorized by law*. *See* General Appropriations Act, 78th Leg., R.S., ch. 1330, art. IX, § 4.04(a)(1), 2003 Tex. Gen. Laws 5023, 5894.

Section 4.04(a) itself refers to section 659.032 of the Government Code, which in turn refers to subsection 4.04(a) of the General Appropriations Act provision. *See id.*; TEX. GOV'T CODE ANN. § 659.032 (Vernon 2004). However, neither subsection 4.04(a), section 771.034 of the Health and Safety Code, nor any other provision of law specifically authorizes the payment of compensatory per diem. *See* General Appropriations Act, 78th Leg., R.S., ch. 1330, art. IX, § 4.04(a)(1), 2003 Tex. Gen. Laws 5023, 5894; TEX. HEALTH & SAFETY CODE ANN. § 771.034 (Vernon 2003). We believe the most reasonable approach is to construe section 4.04(a) to require a *specific* grant of compensatory per diem in the enabling legislation that creates a governmental body.[4] In the situation you pose, no such grant appears in chapter 771 of the Health and Safety Code, the Commission's enabling legislation.

---

[4]The *amount* of compensatory per diem may not be specified, but merely the fact of its availability. Section 659.033 of the Government Code provides:

> (a)  A law setting the amount of per diem for members of a state board is suspended to the extent of conflict with this subchapter.
>
> (b)  The law setting the amount of per diem for a member of a state board is not suspended if the General Appropriations Act does not set the amount of per diem to which the member is entitled.
>
> (c)  A law setting a limit on the number of days for which a state board member is entitled to a per diem is not suspended by this subchapter.

TEX. GOV'T CODE ANN. § 659.033 (Vernon 2004) (emphasis added).

It has been suggested, however, that subsection (d) of section 4.04 of article IX of the 2003 General Appropriations Act provides the necessary authorization for the payment of compensatory per diem by the Commission. *See* Request Letter, *supra* note 1, at 2. That provision states:

> (d) An agency that has a "Schedule of Exempt Positions and Per Diem of Board (or Commission) Members" following the agency's appropriations may expend appropriations for board or commission member compensatory per diem in an amount not to exceed the amount specified in the schedule for each respective fiscal year.

General Appropriations Act, 78th Leg., R.S., ch. 1330, art. IX, § 4.04(d), 2003 Tex. Gen. Laws 5023, 5894. We must first determine whether subsection (d) is an item of appropriation or a non-appropriating rider.

In *Jessen Associates v. Bullock*, 531 S.W.2d 593 (Tex. 1975), the Texas Supreme Court considered a rider to the appropriation for the University of Texas which read as follows:

> The Board of Regents of The University of Texas System is hereby authorized (1) to expend such amounts of its Permanent University Fund bond proceeds and/or other bond proceeds and such amounts of its other available moneys as may be necessary to fund one or more of the following projects either in whole or in part, (2) to accept gifts, grants, and matching grants to fund any one or more of such projects either in whole or in part, and (3) to acquire, construct, alter, add to, repair, rehabilitate, equip and/or furnish any one or more of such projects for The University of Texas at Austin: (1) Alterations and Additions to Law School . . . [.]

*Jessen Assocs.*, 531 S.W.2d at 597 (footnote omitted). The court held that this rider "was not intended by the Legislature to appropriate funds, and therefore was not an 'item of appropriation.'" *Id.* at 596. According to the court, the purpose of the rider was to "direct the use of" funds appropriated elsewhere "by giving express legislative approval to the projects specified." *Id.* at 600. By the same reasoning, section 4.04(d), the provision at issue here, is not an item of appropriation.

If subsection (d) is not an item of appropriation, it must necessarily constitute a rider. *See generally id.* Article III, section 35 of the Texas Constitution provides that "[n]o bill (except general appropriation bills, which may embrace the various subjects and accounts, for and on account of which moneys are appropriated) shall contain more than one subject." TEX. CONST. art. III, § 35. A rider is valid if it merely "detail[s], limit[s], or restrict[s]" the use of appropriated funds. Tex. Att'y Gen. Op. No. V-1254 (1951) at 8. A rider may not, however, enact general law. *See* Tex. Att'y Gen. Op. Nos. DM-116 (1992) at 2-3 (rider may not require Department of Aging to "use the service standards, systems, billing and audit procedures, and provider bases used by the Department of Human Services"); MW-585 (1982) at 2-3 (rider is invalid as "a general directive to the State Board of Barber Examiners . . . to take specific affirmative action"); MW-51 (1979) at 4-5 (rider is invalid because it directed State Board of Control to "establish a maximum and a minimum monthly

charge for state employee parking"); V-1254 (1951) at 12 (rider is invalid because it required all state-owned passenger vehicles to be sold not later than October 1, 1951). Nor may a rider amend or conflict with general law. *See* Tex. Att'y Gen. Op. Nos. JC-0178 (2000) at 3-4 (rider may not change formula for allocation of funds for distribution of emergency medical services and trauma care funds where statute sets formula); JM-167 (1984) at 2-3 (rider may not confer affirmative duty to "enter into a contract with the Texas Lions League or a similar organization to provide rehabilitation services to blind adults at the Texas Lions Camp for Crippled Children" where statute places decision to enter such a contract within the discretion of the Commissioner of Health); H-321 (1974) at 3 (rider may not repeal statutory freedom of choice accorded to inmates of Department of Corrections in selecting medical care).

Subsection (d) does not purport to amend section 659.032 of the Government Code, which provides that "[a] member of a state board is entitled to a per diem in an amount set by the General Appropriations Act for the member's service on the board." TEX. GOV'T CODE ANN. § 659.032(a) (Vernon 2004). On the other hand, subsection 4.04(a)(1) of the Appropriations Act, as we have noted, *refers* to section 659.032 of the Government Code and declares that the per diem of state board and commission members consists of "compensatory per diem, if specifically authorized by law." General Appropriations Act, 78th Leg., R.S., ch. 1330, art. IX, § 4.04(a)(1), 2003 Tex. Gen. Laws 5023, 5893-94. Because section 4.04(d) is a rider to the General Appropriations Act, it may not be construed to constitute a *specific law*. If subsection (d) were deemed to do so, it would necessarily do more than detail, limit, or restrict the use of appropriated funds. Indeed, it would constitute a general law within the Appropriations Act and, as such, would be invalid under article III, section 35 of the Texas Constitution. In order to avoid this conclusion, we interpret the meaning of subsection (d) to lie in its limiting language: "in an amount not to exceed the amount specified in the schedule for each respective fiscal year." *Id.* § 4.04(d), at 5894. Construed thus, section 4.04(d) merely details, limits, or restricts the use of appropriated funds.

We are supported in this view by a number of statutes that specifically authorize the payment of compensatory per diem in an agency's enabling statute. *See, e.g.,* TEX. FIN. CODE ANN. § 15.207(b) (Vernon Supp. 2004-05) ("For each day that a commission member engages in the business of the commission, the member is entitled to: (1) per diem, including compensatory per diem . . . ."); TEX. HEALTH & SAFETY CODE ANN. § 461.009 (Vernon 2001) (A member of the Commission on Alcohol and Drug Abuse "is entitled to receive: (1) the compensatory per diem authorized by the General Appropriations Act for each day spent in performing the member's official duties . . . ."); TEX. HUM. RES. CODE ANN. § 101.005(a) (Vernon 2001) (members of the Citizens Advisory Council "are entitled to the compensatory per diem authorized by the General Appropriations Act"); TEX. TAX CODE ANN. § 5.101(f) (Vernon 2002) ("A member of the [Technical Advisory] committee may receive compensatory per diem for serving on the committee . . . ."). Chapter 771 of the Health and Safety Code, on the other hand, contains no specific authorization for a member of the Commission on State Emergency Communications to receive payment for compensatory per diem. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 771.001-.108 (Vernon 2003 & Supp. 2004-05).

We conclude therefore that the five public members of the Commission on State Emergency Communications are not entitled to receive compensatory per diem.

## S U M M A R Y

The five public members of the Commission on State Emergency Communications are not entitled to receive compensatory per diem.

Yours very truly,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee